UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA S.,

                Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-05530-BAT

**ORDER AFFIRMING AND DISMISSING THE CASE**

      Plaintiff appeals the ALJ's March 2020 decision finding her not disabled. The ALJ found anxiety, depression, neuropathy, and carpal tunnel syndrome (CTS) are severe impairments; plaintiff retains the residual functional capacity (RFC) to perform medium work with other limitations; plaintiff cannot perform past relevant work but is not disabled because she can perform other work in the national economy. Tr. 576-593. Plaintiff contends the ALJ misevaluated the opinions of examining doctor Jennifer Irwin, M.D., and the Court should reverse the commissioner's final decision and remand the matter for further proceedings. Dkt. 18.

      For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice. This appeal hinges on the ALJ's assessment of Dr. Irwin's opinions. The ALJ noted Dr. Irwin performed a psychiatric examination on plaintiff in 2016 and opined plaintiff can perform simple repetitive and detailed complex tasks, can accept supervisory

ORDER AFFIRMING AND DISMISSING THE CASE - 1

1  instructions and can do work without special instructions, plaintiff has difficulties working with
2  co-workers and the public, will have difficulties maintaining regular work attendance due to
3  agoraphobia, will have difficulties dealing with the stress of a workplace and completing a
4  normal workday due to her psychiatric condition. Tr. 589.
5        The ALJ acknowledged "Dr. Irwin is knowledgeable with the Social Security
6  Administration disability," but discounted the doctor's opinions for three reasons. First, the ALJ
7  found Dr. Irwin relied upon agoraphobia in assessing plaintiff's functioning although there is no
8  evidence plaintiff suffers from agoraphobia. Tr. 589-99. Plaintiff argues the ALJ erred because
9  Dr. Irwin did not diagnose agoraphobia, agoraphobia is a "symptom" not a diagnosis under
10 Listing 12.06A.2, and that the medical record establish plaintiff is socially withdrawn and
11 isolates herself, which is consistent with a person with agoraphobic symptoms. Dkt. 18 at 3-4
12 (citing Tr. 358, 364, 368, 375, and 379).
13       The parties agree, Dr. Irwin diagnosed plaintiff with major depressive disorder, not an
14 anxiety order or agoraphobia. There is thus a discrepancy between the condition Dr. Irwin
15 diagnosed and her opinion plaintiff cannot maintain regular work attendance due to agoraphobia.
16 The ALJ's rationale correctly seizes upon this discrepancy, that because neither Dr. Irwin nor any
17 other doctor has ever diagnosed plaintiff with agoraphobia, the doctor's opinion agoraphobia
18 limits plaintiff is unsupported. However, the ALJ's determination to reject all Dr. Irwin's
19 opinions based upon her mention of agoraphobia sweeps too broadly. Dr. Irwin opined plaintiff
20 was limited in several different ways and agoraphobia was mentioned only in connection with
21 plaintiff's inability to maintain regular work attendance. To the extent the ALJ relied upon
22 agoraphobia to reject the other limitations Dr. Irwin assessed, the ALJ erred.
23       Second the ALJ found Dr. Irwin's opinion are inconsistent with plaintiff's ability to

ORDER AFFIRMING AND DISMISSING THE CASE - 2

complete "basic activities of daily living and travel extensively." Tr. 590. This conclusory finding is insufficient and does not identify activities that are consistent with the ability to perform full-time gainful work activity. *See Popa v. Berryhill,* 872 F.3d 901, 906 (9th Cir. 2017) (ALJ errs in failing to provide any explanation as to why claimant's activities establish the claimant possesses the ability to maintain regular attendance at work).

And lastly, the ALJ rejected Dr. Irwin's opinions as inconsistent with the medical record which the ALJ found established plaintiff's mental problems are stable and effectively managed with medications. Tr. 590. This is a valid reason because "[i]mpairments that can be controlled effectively with [treatment] are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The parties spar over whether the record supports the ALJ's determination. Plaintiff argues plaintiff's symptoms waxed and waned and contain numerous incidences of increased anxiety, Dkt. 18 at 4; the commissioner argues plaintiff's argument presents an alternative interpretation of the record that does not establish the ALJ's determination is unreasonable. Dkt. 19 at 7-8.

Plaintiff is correct her symptoms waxed and waned, but the Court cannot say the ALJ's assessment that the record showed her mental problems were stable and that medications were effective is unreasonable or unsupported by the record. The record is susceptible to more than one rationale interpretation. Under these circumstances, the Court is required to uphold the ALJ's finding as it is supported by inferences reasonably drawn from the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008).

In sum, the ALJ gave at least one valid reason to discount Dr. Irwin's opinions; the other invalid reasons the ALJ provided, are therefore harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other

reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). The Court accordingly **AFFIRMS** the commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 23rd day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING AND DISMISSING THE CASE - 4